IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LUKE JOHN SCOTT, SR.<br><br>Plaintiff,<br><br>vs.<br><br>KALAH PAISLEY, et al.,<br><br>Defendants. | CV 19-00063-GF-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Luke Scott filed a motion to proceed in forma pauperis (Doc. 1) and a proposed complaint (Doc. 2) alleging multiple defendants violated his rights under the U.S. Constitution, the Indian Civil Rights Act, and the Montana State Constitution. He brings his claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). (Complaint, Doc. 2.) Mr. Scott's motion to proceed in forma pauperis will be granted. The Court recommends the dismissal of all Defendants except Defendants Overy, Furda, Lanthorn, John, and Knowlton. As a favorable determination on the claims against Defendants Overy, Furda, Lanthorn, John, and Knowlton could potentially imply the invalidity a conviction in Mr. Scott's pending federal criminal cases, those claims should be stayed, and this matter administratively closed.

1

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Scott's Motion to Proceed in Forma Pauperis and account statement are sufficient to make the showing required by 28 U.S.C. § 1915(a).  (Doc. 1.)  The request to proceed in forma pauperis will be granted.  Because he is incarcerated, Mr. Scott must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  Mr. Scott submitted an account statement showing an inability to pay that fee; therefore, the Court will waive the initial partial filing fee and allow Mr. Scott to proceed with the case.  *See Bruce v. Samuels*, 136 S.Ct. 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)").  Mr. Scott must pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account.  The percentage is set by statute and cannot be altered.  28 U.S.C. § 1915(b)(2).  Mr. Scott must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed.  *Id.*  By separate order, the Court will direct Crossroads Correctional Center to forward payments from Mr. Scott's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.  SCREENING STANDARD

Mr. Scott is a prisoner proceeding in forma pauperis so the Court must

2

review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's

allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements" of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]" — "that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed," and 'a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## III. SCREENING ANALYSIS

### A. Judicial Immunity

Mr. Scott names Federal District Court Judges Brian Morris and Sam Haddon as Defendants regarding actions taken in the course of Mr. Scott's federal criminal proceedings. (Complaint, Doc. 2 at 27.) Judge Haddon presided over Mr. Scott's criminal proceedings from 2003 to 2006 in CR 03-00108-GF and from 2010 through 2013 in CR 10-00022-GF.[1] Between 2014 and 2019, Judge Morris presided over a number of revocation proceedings and a § 2255 motion in CR 10-00022-GF and he is currently presiding over Mr. Scott's criminal proceedings in CR 19-00029-GF and CR 19-00030-GF.

"Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts . . .. Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (*quoting*

---

[1] Any claims arising before September 6, 2016 are also be barred by the applicable statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985).

5

*Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985)). Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman*, 793 F.2d at 1075. An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. *Sparkman*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). A judge does not forfeit the benefit of judicial immunity because his action was in error, was malicious, or in excess of the judge's authority. *Sparkman*, 435 U.S. at 356. The scope of a judge's jurisdiction must be broadly construed. *Id*. "To determine if a given action is judicial . . ., courts [should] focus on whether: (1) the precise act is a judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Ashelman*, 793 F.2d at 1075-76.

Mr. Scott claims Judge Morris and Judge Haddon knowingly, maliciously, and negligently charged him and presided over his criminal proceedings and/or imposed cruel and unusual sentences. (Complaint, Doc. 2 at 18, 27, 36-37, 38.) Such actions are quintessential examples of judicial acts. Therefore, Judge Morris

6

and Judge Haddon are immune from this suit, "however erroneous the act[s] may have been." *Ashelman*, 793 F.2d at 1075. Mr. Scott failed to produce sufficient facts to pierce the shield of absolute judicial immunity. His allegations clearly show that he dealt with Judge Morris and Judge Haddon only in their judicial capacity in court proceedings. The Complaint is void of any facts from which a plausible inference could be drawn that Judge Morris or Judge Haddon acted in "clear absence of all jurisdiction." *Sparkman*, 435 U.S. at 357.

All claims against Judge Morris and Judge Haddon should be dismissed with prejudice based on the doctrine of absolute judicial immunity.

### B. Prosecutorial Immunity

Defendants Paisley, Alme,[2] Mercer, and Harper-Suek were at all times relevant to Mr. Scott's Complaint attorneys with the United States Attorney's Office. Prosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocates performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 429-30 (1976). The following activities have been found to be intimately connected with the judicial phase of the criminal process: seeking

---

[2] Mr. Scott names "Kurt G. Algme" as a Defendant. The Court assumes Mr. Scott is referring to Kurt G. Alme, the current U.S. Attorney for the District of Montana.

a grand jury indictment, dismissing claims, deciding whether and when to prosecute (*Milstein v. Cooley*, 257 F.3d 1004, 1012 (9th Cir. 2001)); making statements that are alleged misrepresentations and mischaracterizations during hearings, during discovery, and in court papers (*Fry v. Melaragno*, 939 F.2d 832, 837-38 (9th Cir. 1991)); and preparing a case for trial (*Milstein*, 257 F.3d at 1008). A prosecutor also enjoys absolute immunity from a suit alleging that he maliciously initiated prosecution, used perjured testimony at trial, and suppressed material evidence at trial. *Imbler*, 424 U.S. at 430.

Mr. Scott claims Defendants Paisley, Alme, Mercer, and Harper-Suek knowingly, maliciously, negligently, prejudicially, selectively, and/or vindictively brought criminal charges against him without proper investigation and charged him with vague crimes. (Complaint, Doc. 2.) Any such actions would have been taken in the course of Defendants' duties as prosecutors. *Imbler*, 424 U.S. at 429-30. Because these actions fall within the scope of Defendants' prosecutorial duties, they are absolutely immune from Mr. Scott's claims for relief and all claims against Defendants Paisley, Alme, Mercer, and Harper-Suek should be dismissed.

**C. Defense Counsel**

Mr. Scott also names David Ness and Palmer Hoovestal, his former criminal defense counsel, as Defendants. He claims these individuals willfully, negligently,

and prejudicially misrepresented him in his federal court proceedings. (Complaint, Doc. 2 at 26.) An attorney appointed to represent an indigent defendant does not act under color of federal law. *See Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (affirming dismissal of *Bivens* action against federal defender because a public defender does not act under color of federal law). Because a *Bivens* action lies only against federal officers, and an attorney appointed to represent an indigent criminal defendant does not act as a federal officer, Mr. Scott cannot maintain a *Bivens* action against Messrs. Ness and Hoovestal. Defendants Ness and Hoovestal should be dismissed.

### D. Tribal Officers

Mr. Scott also brings claims against several tribal officers regarding his arrests, prosecutions, incarcerations, and treatment in tribal courts and tribal jails. Tribal officials acting under color of tribal law cannot be sued under 42 U.S.C. § 1983 or *Bivens*. *See, e.g., Pistor v. Garcia*, 791 F.3d 1104, 1114–15 (9th Cir. 2015); *R. J. Williams Co. v. Fort Belknap Housing Auth.*, 719 F.2d 979, 982 (9th Cir. 1983).

Mr. Scott also brings claims under the Indian Civil Rights Act ("ICRA"), but the only remedy available under the ICRA is a petition for writ of habeas corpus. *See* 25 U.S.C. §§ 1302(a), 1303. Even assuming Mr. Scott exhausted his tribal

9

remedies as required by ICRA, he is not eligible for this relief in this action because he is not in tribal custody. *Tavares v. Whitehouse*, 851 F.3d 863, 865–66 (9th Cir. 2017); *Moore v. Nelson*, 270 F.3d 789, 791–92 (9th Cir. 2001).

Mr. Scott's allegations against all the tribal officers fail to state a federal claim and therefore all tribal Defendants should be dismissed.

### E. Remaining Claims

Mr. Scott alleges FBI Agents Overy, Furda, and Lanthorn maliciously prosecuted him. (Complaint, Doc. 2 at 14-16.) He also alleges that Defendants John and Knowlton who work for the Bureau of Indian Affairs, made false statements, falsified evidence, and/or corrupted Mr. Scott's criminal proceedings. (Complaint, Doc. 2 at 22-23.) With additional facts, these claims may be sufficient to state a *Bivens* claim, but they are issues which will likely be presented in Mr. Scott's pending federal criminal proceedings.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a person with an outstanding criminal conviction cannot bring a civil suit where "a judgment in favor of the plaintiff [in the civil case] would necessarily imply the invalidity of his conviction or sentence," unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination,

10

or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 487. This "*Heck* bar" prevents collateral attack on a criminal conviction through a civil suit for damages, promoting consistency between civil and criminal determinations and the finality of criminal appeals. *Id*. at 484–85, 114 S.Ct. 2364. The favorable termination rule set forth in *Heck* also applies to *Bivens* actions. *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).

The Supreme Court has held that the *Heck* bar does not apply where a plaintiff brings a civil suit before being convicted of any crime, rejecting the idea that "an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside." *Wallace v. Kato*, 127 S.Ct. 1091, 1098 (2007)(emphasis omitted). Instead of requiring dismissal of civil claims brought in the shadow of an impending criminal case under *Heck*, the Court noted that

> if a plaintiff files . . . any . . . claim related to rulings that will likely be made in a pending or anticipated criminal trial [ ], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Id*.

Mr. Scott's claims against Defendants Overy, Furda, Lanthorn, John, and Knowlton relate to evidence and/or arguments that could be potentially raised in

11

his pending federal criminal proceedings. As a favorable determination on the claims against these Defendants could potentially imply the invalidity a conviction in Mr. Scott's pending federal criminal cases, the proper course of action is to stay these claims until the resolution of the pending criminal indictments. This disposition will permit the full development of a record regarding the criminal proceedings so the Court may better judge the relevance of the challenges raised by Mr. Scott regarding whether the actions of Defendants Overy, Furda, Lanthorn, John, and Knowlton violated Mr. Scott's constitutional rights such that he could bring a *Bivens* claims challenging those actions.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Scott's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2). The Complaint is deemed filed on September 6, 2019.

3. At all times during the pendency of this action, Mr. Scott must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Scott's claims against Defendants Kalah Paisley, Kurt Alme, Bill Mercer, Lori Harper-Suck, David Ness, Palmer Hoovestal, Brian Morris, Sam Haddon, Terry Boyd, Dustin Kuipers, Marvin Youpee, Imagene Lilley, LaFonne Copenhaver, Rick Kirn, Floyd Azure, Scott Sciford, Sean RedBoy, Kenny Trottier, Coretta GrayBear, Ron Jackson, Junaita Headdress, Lewis Matthews, Kyle Buck, Cheryl Stiffarm, David Archamble, Mike Shields, Unknown Fort Belknap jailer, Chelby Brugh, Fort Peck Jailer Walker, Rick Reyes, Laine Littleowl, Raul Figuroa, Loren Eagle, Thomas Jones, Jailer DeMill, Deshanna RedEagle, Ricky BetsHisMedicine, Tom Clark, Orin Cantrell, Jason Hackleman, Nurse Francis, Unknown Tribal Prosecutor should be DISMISSED.

2. Mr. Scott listed several Defendants in the "parties" section of his Complaint but there are no factual allegations made against these Defendants in the Complaint. (Complaint, Doc. 2 at 10-12.) Accordingly, Defendants Mary Lou Azure, Curtis Fox, Valley County Detention Center Warden, Valley County Detention Center Officer, Jimmy Summers, Lynda Jollie, Unknown Fort Belknap E.R. Doctor, Jonah Reidenger, John Wetsit, and Patricia Toaves should be DISMISSED for failure to state a claim.

13

3. Mr. Scott's claims against Defendants Craig Overy, Special Agent Furda, Burke Lanthorn, Brittany John, and Stephanie Knowlton should be STAYED pending resolution of Mr. Scott's federal criminal proceedings.  The Clerk of Court should be directed to administratively close this matter and Mr. Scott should be directed to file a report on the status of his criminal charges every six months until such time as his criminal charges have been resolved.  Mr. Scott should be advised that if he desires to continue this matter after disposition of the criminal charges against him, he must request the stay be lifted and the case be reopened within thirty days of completion of those proceedings.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Scott may file objections to these Findings and Recommendations within fourteen days after service (mailing) hereof.[3]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Scott is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 4th day of February, 2020.

                                                                */s/ John Johnston*
                                                                John Johnston
                                                                United States Magistrate Judge